# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DEBORAH LYNN SIKES, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | Case No. CV415-047 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of* ) | |
| *Social Security*, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Deborah Lynn Sikes seeks judicial review of a Social Security Disability claim. Doc. 1. She also moves for leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. Doc. 2. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible to do so without undue hardship.

On her IFP application Sikes claims she has no income, no assets, and no living expenses. Doc. 2 at 1-2. She does not reveal the source of her food, clothing, and shelter. Wary of such claims and cognizant of

how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Jackson v. Tucker*, 2014 WL 851438 at * 1 (S.D. Ga. Mar. 5, 2014) ("After further review, the Court is not satisfied with his response. It undeniably costs money to live, and Jackson not only swears he has zero assets of any kind, but that he also supports two children. That's plainly not credible.") (cite

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D.Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

omitted); *Kareem v. Home Source Rental*, 966 F.Supp.2d 1345, 1346 (S.D. Ga. 2013).

To that end, it tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at * 1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, CV411-127, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").[2]

---

[2] Furthermore, liars face consequences. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F.Supp.2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

Within 14 days of the date this Order is served, Sikes shall file a new IFP application, and shall disclose to the Court the following information:

(1) What she spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance she may receive;

(2) Where she gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether she owns any means of transportation and, if she does not, whether she has regular access to same, as owned by another (including a rental company);

(4) Whether she possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether she has any credit or debit cards;

(6) Whether she is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7) Whether she anticipates any future income within the next year.

(8) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Answering these points will better illuminate plaintiff's true financial condition. In that regard, she must again declare the facts he pleads to be true under penalty of perjury. If she does not use a preprinted IFP form to respond (hence, if she uses a blank sheet of paper), she must insert this above her signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1).

**SO ORDERED** this 13th day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA